UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JUAN CARLOS OCASIO,                              :
                      Plaintiff,      :   06 Civ. 6455 (PAC) (KNF)
       - against -                              :   OPINION & ORDER
                                                 :
RIVERBAY CORPORATION, et al.,                    :
                      Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Juan Carlos Ocasio ("Ocasio") brings this action against Defendant Riverbay Corporation ("Riverbay")[1] pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Driver's Privacy Protection Act of 1994, 18 U.S.C. §§ 2721-2725 ("DPPA"), and the National Labor Relations Act, 29 U.S.C. §§ 158-301 ("NLRA").[2] Ocasio alleges employment discrimination based on his race, age, and as retaliation for filing a complaint with the National Labor Relations Board ("NLRB"). Defendant Riverbay moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).[3]

This case was referred to United States Magistrate Judge Kevin N. Fox, who issued his Report and Recommendation ("R&R") on December 19, 2006, recommending that Riverbay's motion be granted in part and denied in part, with leave

---

[1] Though Deighton "Cleve" Taylor ("Taylor"), a member of the Riverbay Board of Directors, and Joseph P. Monahan, Edwin Lucca and Orlando Martinez, officers in the Co-op City Police Benevolent Association (the "Union Defendants"), are identified in the body of the Complaint, only Riverbay had been served by Ocasio prior to the issuance of Magistrate Judge Fox's Report and Recommendation.
[2] Ocasio's claims pursuant to the NLRA are made only against the Union Defendants and not against the moving party, Riverbay. As such, Magistrate Judge Fox's Report and Recommendation does not address the validity of this claim.
[3] Riverbay also moves on behalf of Taylor, as a member of the Riverbay Board of Directors, to dismiss claims against him.

for Ocasio to amend his complaint. Ocasio filed timely objections to the portion of the R&R that would dismiss his DPPA claim.

## STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F.Supp. 815, 817 (S.D.N.Y. 1991). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F.Supp.2d 157, 159 (S.D.N.Y. 2000).

## RECOMMENDATIONS LACKING OBJECTION

The Court finds no error in Magistrate Judge Fox's recommendations to which there are no objections, and the Court accepts and adopts as its own findings:

(1) Ocasio's complaint establishes Taylor as an intended defendant, and he is properly a defendant in this action if served in conformance with Fed.R.Civ.P. 4.

(2) Neither the ADEA nor Title VII authorizes a claim against Taylor in his individual capacity;

(3) Ocasio's Title VII claim against Riverbay must be dismissed for failure to exhaust his administrative remedies in not obtaining a Notice of Right to Sue

from the United States Equal Employment Opportunity Commission ("EEOC"), with leave to amend his complaint after obtaining such notice.[4]

(4) Ocasio stated a valid claim under the ADEA.

## THE DPPA CLAIM

Ocasio objects to the R&R's dismissal of the DPPA claims against Riverbay and Taylor. "The DPPA establishes a regulatory scheme that restricts the States' ability to disclose a driver's personal information without the driver's consent," Reno v. Condon, 528 U.S. 141, 144 (2000), including the driver's name. See 18 U.S.C. § 2725(3). Though such protection covers private as well as state action, the prohibition against private actors' use of personal information is derivative. The private actors themselves must have obtained the information from a state motor vehicle agency in order to be liable for disclosing it. See Reno, 528 U.S. at 146 (holding that the DPPA "regulates the resale and redisclosure of driver's personal information by private persons *who have obtained that information from a state DMV*) (emphasis added). Ocasio himself provided Riverbay with his personal information, and so he cannot state a claim under the DPPA based on its disclosure.

## CONCLUSION

Riverbay's motion to dismiss is GRANTED in part and DENIED in part. Ocasio's Title VII, ADEA, and DPPA claims against Taylor and his DPPA claim against Riverbay are dismissed with prejudice. Ocasio's Title VII claim against Riverbay is dismissed without prejudice, and with leave to replead on condition that he obtain a

---

[4] A letter of January 9, 2007 from the EEOC indicates that it erroneously issued a Notice of Right to Sue only for Ocasio's ADEA claim. The letter corrects this error by granting a Notice for both the ADEA and Title VII claim. Ocasio has since amended his complaint accordingly.

3

Notice of Right to Sue from the EEOC, as he has apparently done since the issuance of the R&R. Defendants' motion is DENIED as to Ocasio's ADEA claim against Riverbay. The Clerk of the Court is directed to close out this motion.

Dated:    New York, New York
          June 19, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge

**"*Copies* Mailed By Chambers"**